IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JESSE CAMPBELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 06-2059 JPM-tmp |
| | ) |
| POLYGUARD PRODUCTS, INC., and | ) |
| MUNCASTER CAPITAL OF TEXAS, | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**
_____

Before the Court is Plaintiff, Jesse Campbell's Motion for New Trial (Doc. 243), filed February 29, 2008. Defendants, Polyguard Products, Inc. and Muncaster Capital of Texas responded in opposition to this motion on March 15, 2008 (Doc. 254).

A hearing was held on the Plaintiff's motion on April 30, 2008. Present for Campbell was Henry Didier, Esq., Jeff Rosenblum, Esq., and Matt May, Esq. Present for Polyguard was J. Britt Phillips, Esq., and Lawrence Sutter, Esq.

For the following reasons, Plaintiff's Motion for New Trial is DENIED.

**I.    FACTUAL BACKGROUND**

This case arises from a construction site accident that occurred on December 21, 2004 at the Ashley Furniture Store in Germantown, Tennessee. (Pl.'s Compl. at ¶¶ 7-10.) Plaintiff was working as an employee of Waterproofing Systems, Inc. ("WSI") at the Ashley Furniture Store, waterproofing an exterior wall using Polyguard 650 LT Liquid Adhesive Coating Solution ("Polyguard 650"). (Id. at ¶ 7.)  Also working at the Ashley Furniture Store site were Plaintiff's WSI co-workers Del Tate ("Tate"), Jason Newman, and Melvin Reed.  (Reed Dep., Doc. 31-5, at 19-20.)  Tate was using a blow torch to dry the wall so that Plaintiff could apply Polyguard 650 to the wall. (Id. at 45-46.) Tate's blow torch ignited a fire near Plaintiff, and as a result of the flames, Plaintiff suffered burns to over sixty percent of his body and lost most of his fingers. (Compl. ¶ 11.)

The primary dispute in this case centered on how the fire started and the proximity of Tate's blow torch to Plaintiff and to a bucket of the Polyguard 650.  Defendants contended that the torch's flame touched a wall of the building, setting the wall on fire. (Tr. 1357, 1.24-25.) After the fire started, Del Tate picked up the bucket of Polyguard and either spilled or threw its contents on

Plaintiff causing Plaintiff to burst into flames. (Tr. 1359, 1.7-18.)

Plaintiff contended that Tate's blow torch ignited vapors emitted by the Polyguard 650. These ignited vapors then "flashed back" to a bucket containing Polyguard 650, which was located between ten and fifteen feet away from Tate. (Tr. 1319, 1.24 - 1320, 1.10.) The resulting fire engulfed Plaintiff, severely burning him. (Id.)

A jury trial was held in this matter beginning on February 11, 2008 and ending on February 19, 2008. On that date, the jury returned a verdict finding that Polyguard Products, Inc. was not strictly liable for Campbell's injuries. (Verdict Form (Doc. 239), Ques. No. 1.) The jury also found that Polyguard Products, Inc. was not liable in negligence to Campbell.(Id. Ques. No. 2.) In accordance with the jury's verdict, this Court entered a final judgment in favor of Polyguard and dismissed the case with prejudice. (Final Judgment (Doc. 242).)

Campbell now moves for a new trial, arguing that (i) the Court erred when giving a jury instruction on superseding cause; (ii) the Court erred in denying Campbell's requested "rescuer doctrine" instruction; (iii) the Court erred when it prohibited Campbell from arguing

alternative container design; and (iv) the verdict is against the great weight of the evidence.

## II. STANDARD OF REVIEW

### A. Motion for New Trial

Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). "[A] new trial is warranted when a jury has reached a seriously erroneous result . . . ." Strickland v. Owens Corning, 142 F.3d 353, 357 (6th Cir. 1998)(quoting Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996)). A "seriously erroneous result" is evidenced by: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes, 78 F.3d at 1045-46 (citing Montgomery Ward, 311 U.S. 243 at 251; Cygnar v. City of Chicago, 865 F.2d 827, 835 (7th Cir. 1989); Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983)).

4

**III. ANALYSIS**

Campbell asserts four grounds in support of his Motion for New Trial. First, Campbell argues that the Court erred when giving a jury instruction on superseding cause. Second, Campbell avers that the Court erred in denying Campbell's requested "rescuer doctrine" instruction. Third, Campbell contends that the Court erred when it prohibited him from arguing alternative container design. Fourth, Campbell argues that the verdict is against the great weight of the evidence.

**1. Jury Instructions on Superseding Cause**

In his first assignment of error, Campbell maintains that the Court erred by adding to the jury charge an instruction on superseding cause in accordance with Tennessee Pattern Jury Instruction No. 3.22. Specifically, Campbell argues that the Court should not have instructed the jury to consider the conduct of his employer, Waterproofing Systems, Inc. ("WSI"), as an intervening, superseding cause of his injuries.

Campbell's argument rests on four primary assertions: (A) that the final jury instruction was given after Plaintiff's closing argument had concluded and thus, deprived Plaintiff of a fair opportunity to address the intervening, superseding cause issue; (B) that Defendant

effectively "abandoned" the intervening, superseding cause defense by stipulating to the removal of the "cause in fact" defense from the verdict form; (C) that the intervening, superseding cause defense is not applicable in work-related tort actions;(D) that the Court's instruction on superseding cause was as applied to the facts; and (E) that the supplemental jury instructions were redundant.

### A. Timing of Instruction

Plaintiff contends that the timing of the final jury instruction was prejudicial and therefore constituted error. Plaintiff specifically asserts that the final jury instruction was changed after Plaintiff's closing argument, thereby depriving him of a fair opportunity to address the intervening, superseding cause issue.

Rule 51(a)(2) of the Federal Rules of Civil Procedure sets out the rules regarding jury instructions given after the close of the evidence. See Fed. R. Civ. P. 51(a)(2). Under Rule 51(a)(2), a party may, with the Court's permission, file untimely requests for instructions on any issue. See Fed. R. Civ. P. 51(a)(2)(B). Under this rule, a party may also request instructions on issues that could not have been reasonably anticipated at an earlier time that the court set for requests. See Fed. R. Civ. P.

6

51(a)(2)(A); see also Potthast v. Metro-North R.R. Co., 400 F.3d 143, 153 (2d. Cir. 2005).

Withdrawal of Defendant's request for a "sole cause" instruction does not preclude an instruction on intervening, superseding cause at the close of the evidence. Final jury instructions are given based on the evidence presented at trial. There were at least three witnesses testifying at trial that refuted Plaintiff's account as to how the fire that caused Plaintiff's injuries was ignited. Jason Newman, for example, testified that Del Tate picked up the bucket containing the Polyguard 650 and threw it onto Plaintiff, engulfing him in flames. (Tr. 202 1. 18-20.) Newman even demonstrated the alleged act before the jury. (Tr. 203, 1.9 – Tr. 205, 1.9.) With contrasting theories on how Plaintiff was burned presented throughout the trial, an instruction on intervening cause was necessary to set out a central legal principle applicable in this case.

Furthermore, Plaintiff's counsel's own statements during closing argument suggested that he was aware that the jury may consider the alleged acts of Del Tate as a potential intervening cause. (Tr. 1316, 1.11-20.) Plaintiff's counsel even had an opportunity to address, and in fact, did address the issue in his rebuttal argument

7

*after* the intervening, superseding cause issue was argued by defense counsel. (Tr. 1382, 1.17-23.) For these reasons, the Court finds that Plaintiff's assertion that he was not afforded a fair opportunity to address the final jury instruction is without merit.

**B. Cause in Fact and Intervening, Superseding Cause**

It is undisputed that Defendant withdrew its defense that WSI was a "sole cause in fact" of Plaintiff's injuries. (Tr. 1187, 1.21-24.) Plaintiff argues that by withdrawing this defense, Defendant was necessarily precluded from arguing that WSI was an intervening, superseding cause of Plaintiff's injuries. Plaintiff's argument presents questions concerning the interrelationship between the cause in fact and the intervening, superseding cause doctrines, which the court now considers.

An act or event is a "cause in fact" of an injury if the injury or harm would not have occurred "but for" the defendant's negligent conduct. Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). Cause in fact refers to the cause and effect relationship between the tortuous conduct and the injury. Id.

An intervening cause, however, is a question of "policy, foreseeability, and remoteness." Godbee v. Dimick,

213 S.W.3d 865, 886 (Tenn. Ct. App. 2006). It is a means of relieving a negligent actor from liability, when a new and independent event occurred *after* the negligent actor's conduct.  The question of intervening cause concerns whether the original act of negligence, *or* a new and independent cause is the proximate cause of an injury. Hill Const. Co. v. Bragg, 725 S.W.2d 538, 540 (Ark. 1987).

A case decided by the Tennessee Court of Appeals recently shed light on the difference between these concepts. In Godbee, the court stated that "[a]n instruction on independent intervening cause presupposes a defendant's negligence and causation in fact. . . . Without causation in fact, there is nothing for the subsequent cause to 'interrupt' or 'intervene' in, and no chain of causation to break." Godbee, 213 S.W.3d at 886.  Said another way, the defendant must be the cause in fact in order for an intervening, superseding cause to exist.

Although Polyguard conceded that WSI was not the cause in fact of Plaintiff's injuries, it does not preclude an argument that WSI was an intervening, superseding cause. In order for the intervening, superseding cause doctrine to apply, Polyguard would have to be the cause in fact of Plaintiff's injuries.  That is, "but for" the Polyguard 650 being present, the fire would not have occurred.  Polyguard

would be relieved of liability, however, based on the acts of Del Tate, acting through WSI. By throwing the Polyguard 650 onto Plaintiff, Tate's new and independent act became an intervening, superseding cause, thus relieving Polyguard of liability.

While the doctrines of causation in fact and intervening, superseding cause are closely related, each requires a separate and independent analysis. Thus, Plaintiff's argument that Defendant is necessarily precluded from arguing intervening, superseding cause is without merit.

**C. Comparative Fault and Intervening, Superseding Cause**

Plaintiff's next challenge to the jury instruction is that a jury may not be instructed as to intervening, superseding cause in a work-related products liability action. Specifically, Plaintiff contends that since it is well-settled that the comparative fault system does not apply in cases involving an employer that is immune from liability, the doctrine of intervening, superseding cause is equally inapplicable in such cases.

Tennessee has been a modified comparative fault jurisdiction since 1992. McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992). Under the modified comparative fault

system, a plaintiff may not recover damages in a negligence suit if his fault is "equal to or greater than the fault attributable to the defendant." Id.; see also Eaton v. McLain, 891 S.W.2d 587, 590 (Tenn. 1994). Despite Tennessee's adoption of the modified comparative fault system, however, a third-party defendant may not argue the comparative fault of an employer in a work-related products liability action. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 81 (Tenn. 1996); see also Troup v. Fischer Steel Corp., 236 S.W.3d 143, 151 (Tenn. 2007). A third-party defendant may, however, argue that an employer was the "sole cause in fact" of the plaintiff's injuries. Troup, 236 S.W.3d at 151. Since a defendant may not argue that an employer's fault should be apportioned, this defense has been referred to as the "all or nothing" defense. Id. at 150.

Citing Troup, Plaintiff argues that because this was a work-related products liability case, the only way that Polyguard could have avoided liability was if the jury found that WSI, acting through an employee other than the Plaintiff, was the sole cause in fact of Plaintiff's injuries. See Troup v. Fischer Steel Corp., 236 S.W.3d 143, 146-47. Since Polyguard abandoned its defense that WSI was

the cause in fact of Plaintiff's injuries, Plaintiff argues that Polyguard had no way of escaping liability.

Plaintiff's reliance on Troup, however, is misguided. Troup simply made no mention of intervening, superseding cause. Rather, the court addressed the interrelationship between comparative fault and Workers' Compensation Law.

Intervening cause and comparative fault are separate affirmative defenses. Godbee, 213 S.W.3d at 883. Although other common law doctrines have been subsumed by the adoption of comparative fault, intervening cause remains a viable defense in comparative fault jurisdictions. Waste Mngt. Inc. of Tenn. v. S. Cent. Bell Tel. Co., 15 S.W.3d 425, 432 (Tenn. Ct. App. 1997). Therefore, the inapplicability of comparative fault in this case has no bearing on the relevance of intervening, superseding cause.

Plaintiff presents no case law to support a finding that an intervening, superseding cause defense is not available in a work-related products liability case. To the extent that Troup is instructive in this case, the court held that a jury *may* consider the actions of employers in assessing whether a plaintiff has met his burden of proving that the defendant was negligent. Troup, 236 S.W.3d at 150-51.

The jury in this case concluded that Polyguard was neither negligent nor strictly liable for the injuries incurred by Plaintiff. Whether the jury considered the actions of WSI in concluding that Plaintiff did not meet his burden of proving Polyguard's liability is unknown to the Court. "[T]he question of superseding, intervening cause is a matter peculiarly for the jury." Potter v. Ford Motor Co., 213 S.W.3d 264, 274 (Tenn. Ct. App. 2006). Thus, Plaintiff's argument that the intervening, superseding cause defense is inapplicable in work-related products liability cases fails.

**D. Intervening Cause Instruction**

Plaintiff's fourth challenge to the final jury instruction is that the instruction with regard to superseding cause was erroneously given based on the evidence presented. Plaintiff argues that under the Potter decision, a defendant will only be relieved of liability if a "new, independent and unforeseen cause intervenes to produce a result that the negligent actor could not have reasonably foreseen." Potter, 213 S.W.3d at 273. Plaintiff argues that based on the backflash theory it presented at trial, it was reasonable to assume that the bucket of Polyguard could have spilled or splashed during the ensuing chaos. Since the spilling of the Polyguard was

foreseeable, Plaintiff argues, the superseding cause instruction should not have been given.

The intervening cause doctrine is a liability shifting device rooted in the common law. Waste Mngt. Inc. of Tenn., 15 S.W.3d at 432. The purpose of the doctrine is "to limit potentially limitless liability arising from mere cause in fact." Godbee, 213 S.W.2d at 884-85. Independent intervening cause works to relieve a negligent actor from liability when a new, independent, and unforeseen cause intervenes to produce an unforeseen result. Waste Mngt. Inc. of Tenn., 15 S.W.3d at 432.

The jury in this case was instructed according to Tennessee Pattern Jury Instruction (T.P.I.) 3.22. The instructions read as follows:

> A cause of an injury is not a legal cause when there is a superseding cause. For a cause to be a superseding cause, all of the following elements are present:
>
> 1. The harmful effects of the superseding cause must have occurred after the original negligence.
>
> 2. The superseding cause must not have been brought about by the original negligence.
>
> 3. The superseding cause must actively work to bring about a result which would not have followed from the original negligence
>
> 4. The superseding cause must not have been reasonably foreseeable by the original negligent party.

T.P.I. 3.22

Tennessee Pattern Jury Instructions are not mandatory authority and should be used only after careful analysis by the trial court. See Cortazzo v. Blackburn, 912 S.W.2d 735, 740 (Tenn. Ct. App. 1995). The Tennessee Court of Appeals, however, has noted that T.P.I. 3.22 lists the "the essential elements" of the intervening, superseding cause defense. White v. Premier Med. Group, 254 S.W.3d 411, 417 (Tenn. Ct. App. 2007); see also Godbee, 231 S.W.3d at 882.

Plaintiff's backflash theory was not the basis of Defendant's request for a superseding cause instruction. Defendant's request for the instruction was based on its own theory of the case. During trial, Defendant presented evidence to support its theory that Del Tate threw the bucket of Polyguard 650 onto Plaintiff, engulfing him in flames. Defendant requested the instruction after Plaintiff's counsel spoke about the spilling of the Polyguard in his closing argument. See (Tr. 1316, 1.11-20.) Defendant's theory was that even though the flammable product was present, it was not foreseeable that an employee would throw the bucket on a co-worker. Therefore, Plaintiff's argument that the superseding cause instruction was erroneous based on the evidence presented is without merit.

**E. Supplemental Jury Instructions**

In addition to asserting that the final jury instructions were erroneously given, Plaintiff asserts that the supplemental jury instructions were redundant and thus, constituted error.

Deliberating juries commonly request clarification on the instructions they are given before reaching a final verdict. When such clarification is requested, the proper procedure is for the court, after consulting with counsel, to provide supplemental instructions. U.S. v. Griffith, 756 F.2d 1244, 1251 (6th Cir. 1985). When determining whether jury instructions were erroneous, the Court reviews the charge in its entirety. State v. Vann, 976 S.W.2d 93, 101 (Tenn. 1998).

After being given the final charge, the jury issued the following statement to this Court: "We do not understand page 38 of our instructions." (Supp. Jury Inst. 1.). In response, the Court re-read the instruction on legal cause and superseding cause and issued the following responses:

Supplemental Jury Instruction 1:

Answer: One of the elements that the Plaintiff must prove is legal cause (see page 29 and 37). Therefore, if you find that the Defendant has proved by a preponderance of the evidence that there was a superseding cause as that term is defined on page 38, then you have found that the Plaintiff has not established legal cause under the Court's prior instructions.
    The Plaintiff's negligence, if any, may not be considered a superseding cause.

> Remember, the Defendant has the burden of proof on the issue of whether there was an superseding cause.
>     This is all for you to decide.

> Supplemental Jury Instruction No. 2:
>
> Answer: If you find by the greater weight or preponderance of the evidence that there is a superseding cause as defined on page 38 of the instructions, then the actions or inactions of Polyguard Products, Inc. cannot be the legal cause of Mr. Campbell's injuries, and you must find for the Defendant, Polyguard Products, Inc. on both of Plaintiff's claims; that is, your answers to Question No. 1 and No. 2 must be "No."

After being given the foregoing instructions, the jury issued no further requests for clarification. The responses were concise and referred only to the meaning of superseding cause. This Court was careful to use only clarifying language and refrained from simply repeating the instruction given. Plaintiff's argument that the supplemental instructions were redundant is without merit.

### 2. Rescuer Doctrine Instruction

In his second assignment of error, Plaintiff asserts that the Court erred by rejecting Plaintiff's proposed instruction on the "rescuer doctrine." The rescuer doctrine is premised on the notion that "danger invites rescue." The doctrine allows an individual who is injured while attempting to rescue another from peril to recover from the person whose negligence caused the perilous circumstances. See, e.g., Lee v. Luigi, Inc., 696 A.2d 1371, 1374 (D.C. 1997). Plaintiff requested this

17

instruction after the Court granted Defendant's request for a superseding cause jury instruction.  The Plaintiff's theory was that if the jury believed that Plaintiff was injured while attempting to rescue Del Tate, then Plaintiff might qualify as a rescuer and avoid the potentially adverse effect of the superseding cause instruction.

After reviewing the proposed instruction, T.P.I. 4.50, the Court noted that the instruction's "use note" stated that it was to be read in conjunction with T.P.I. 3.08. (see Tr. 1345, 1.20-1346, 1. 19.)  Following this observation, Plaintiff voluntarily abandoned his request. (Tr. 1347, 1. 14.)  Plaintiff's argument is, therefore, without merit.

### 3. Exclusion of Dr. Robert Anderson as Expert on Container Design

In his third assignment of error, Plaintiff asserts that the exclusion of Dr. Robert Anderson's testimony as an expert on container design prohibited his theory that Defendant was negligent in failing to utilize an alternative container design.  Plaintiff avers that the exclusion of such evidence was error, and therefore, justifies a new trial.

Expert testimony is admissible only to the extent that the expert has the requisite expertise to offer the

intended testimony. An expert's testimony must be sufficiently reliable and not speculative. See Goebel v. Denver & Rio Grande W. R.R. Co., 215 F.3d 1083, 1087 (10th Cir. 2000). The trial court serves a gatekeeping function and must determine whether the methodology underlying the expert's testimony is sufficiently valid and can be properly applied to the facts at issue. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993); see also Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313, 320 (1st Cir. 1999).

A Daubert hearing was held to determine the admissibility of Dr. Anderson's testimony. At that hearing, Dr. Anderson answered questions concerning container design. In addition to stating that he had never designed a container used by a sealant manufacturer and that he did not know of a manufacturer who used his alternative designs, Dr. Anderson admitted that he was not a container expert. Because Dr. Anderson lacked expertise with respect to container design, he was not qualified to testify as an expert in that regard. As the gatekeeper of reliable evidence, this Court was compelled to exclude Dr. Anderson's testimony. Plaintiff's contention is, therefore, without merit.

**4. Great Weight of the Evidence**

In his last assignment of error, Plaintiff contends that the jury's verdict was against the great weight of the evidence. A new trial may only be granted under this standard when no reasonable juror could have reached the challenged verdict. Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 820-21 (6th Cir. 2000). Judges are not permitted to reweigh the evidence and set aside a jury's verdict because the judge believes that another result would have been "more reasonable." Id.; see also Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir. 1967).

This case involved facts and theories on which reasonable minds could differ. Plaintiff's assignment of error as to the weight of the evidence is therefore without merit.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion for New Trial.

SO ORDERED this 30th day of September, 2008.

/s/ JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE